# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| BETTIS C. RAINSFORD, SR., | ) |
| *Plaintiff*, | ) Case No. 3:21-cv-25 |
| | ) |
| v. | ) Judge Travis R. McDonough |
| | ) |
| APEX BANK, | ) Magistrate Judge H. Bruce Guyton |
| | ) |
| *Defendant*. | ) |

## MEMORANDUM OPINION

Defendant Apex Bank previously initiated two lawsuits against Plaintiff Bettis C. Rainsford, Sr., alleging that he made defamatory statements about them in a press release he distributed to media outlets and that was subsequently re-published on the Knoxville Daily Sun website in October 2018 and in an article he published on a website in May 2019. (*See* Doc. 1 in Case No. 3:19-cv-130; Doc. 1 in Case No. 3:20-cv-198.) The Court consolidated these actions. (Doc. 84 in Case No. 3:19-cv-130.) Believing those lawsuits to be frivolous, Rainsford initiated this action against Apex Bank, asserting a claim for malicious prosecution. (Doc. 1 in Case No. 3:21-cv-25.) On November 2, 2021, a jury returned a verdict finding Rainsford liable for defaming Apex Bank. (Doc. 187 in Case No. 3:19-cv-130.)

"To make out a claim for malicious prosecution, a plaintiff must show that the defendant maliciously brought a prior suit against him or her without probable cause, and that the prior suit was terminated in favor of the plaintiff." *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 555 (Tenn. 1999). Because a jury returned a verdict finding Rainsford liable for defamation against Apex Bank in the underlying cases, the Court

entered an order under Rule 56(f)(3) of the Federal Rules of Civil Proecure notifying the parties that it intended to grant summary judgment in favor of Apex Bank because Rainsford will not be able to demonstrate that the prior lawsuits were terminated in his favor. (Doc. 19.) The Court ordered the parties to file any responses to its order on or before December 17, 2021. (*Id*.) In response to the Court's order, Rainsford indicated that he intends to appeal the judgment against him in the underlying defamation cases to the United States Court of Appeals for the Sixth Circuit and requests that the Court stay this action pending his appeal instead of granting summary judgment in favor of Apex Bank. (*Id*.)

Staying this case is not warranted given its procedural posture. The Court has entered judgment in favor of Apex Bank in the underlying defamation cases. As a result, Rainsford will not be able to demonstrate that the underlying cases were terminated in his favor, and his malicious-prosecution claim in this case necessarily fails as a matter of law. *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 555 (Tenn. 1999); *see also Morris v. Esmark Apparel, Inc.*, 832 S.W.2d 563, 565 (Tenn. Ct. App. 1991) (noting that the doctrine of collateral estoppel precludes "relitigation of a particular dispostive issue which was necessarily or actually decided with finality in a previous suit involving at least one of the parties on a different cause of action"). Accordingly, the Court will enter an order granting summary judgment in favor of Apex Bank and dismiss Rainsford's malicious-prosecution claim against it with prejudice. In the event the Sixth Cirucit vacates the Court's judgment in the underlying defamation cases, Rainsford may move for relief from judgment and to reopen this case under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**